Richard S. Heller, J.
Pursuant to section 30 of the Highway Law, the State of New York, on June 9,1964, appropriated land purportedly owned by the claimants located in the Town of Guilford, County of Chenango, all as shown on Map No. 33, Parcel No. 49, of Rockdale-Mt. Upton, State Highway No. 667, Chenango County.
The court adopts as accurate the description of the appropriated land as shown on the official map filed in the office of the Clerk of Chenango County.
Parcel No. 49 of Map No. 33 consisted of a strip fee taking along the entire front of claimants’ lot, being 125± feet on the *755 west; 53± feet on the north; 126± feet on the east and 52± feet on the south, containing 6,458± square feet and containing all of the front lawn.
Prior to the appropriation the claimants owned an improved residential lot located on the west side of Route 8.
Claimants ’ lot was rectangular in shape with frontage of 125± feet and a depth of 325± feet. Prior to the appropriation the developed portion of the property was approximately 100 feet deep, then there was a drop of about 15 feet to the rear or undeveloped portion of the property. Chief improvements consisted of a 10-foot by 47-foot mobile home and a detached frame garage building. The mobile home was resting on a cinder block and railroad tie foundation and the foundation was sealed or enclosed with Homosote panels attached to 2-inch by 4-inch framing. The home contained a kitchen, bath, living room and bedroom. In addition, a concrete patio area had been constructed adjacent to the mobile home.
The detached garage was set on a concrete foundation and had a poured concrete floor. A folding stairway provided access to a storage area or attic.
The State contended that the mobile home was neither realty nor a fixture and that by removing it from the site subsequent to the appropriation, claimants effectively estopped themselves from contesting the validity of the State’s categorization. The reasoning in Gurwitz v. State of New York (27 Misc 2d 731, affd. 15 A D 2d 712) might tend to give some support to the State’s argument. Since the taking in the present case, however, did not extend to cover the site of the mobile home, the claimants were under no obligation to either abandon the property or to treat it as not having been appropriated in a taking of the land upon which it was situated.
A mobile home might be easier to move and removal might be less likely to result in damage to the structure or to the land, as would be the case with an ordinary residential structure. This fact is, of course, important in determining the after-taking value, and in this case would tend to mitigate consequential damages. It by no means compels a finding that the mobile home did not constitute real property.
The court is familiar with commonly accepted rules or standards utilized or applied in decisions dealing with landlord-tenant, vendor-vendee and certain other situations in which the categorization of property as realty or personalty has been decisive. It is clear, however, that such rules and standards, although well adapted to the issues in those cases, may not be adequate in dealing with problems incident to eminent domain *756 proceedings. (See Tinnerholm v. State of New York, 15 Misc 2d 311; City of Buffalo v. Michael, 16 N Y 2d 88.)
Despite this well-recognized problem, such rules, insofar as they may be relevant in the present case, favor the claimants. Thus, conceding as one must that intent is generally regarded as the most important factor in determining the nature or result of a particular annexation, it has recently been noted that: “An owner is much more likely to intend permanency than one in possession of premises temporarily, as for example a tenant.” (Marine Midland Trust Co. of Binghamton v. Ahern, 16 N. Y. S. 2d 656, 660.)
The claimants were not merely renting a lot or space in a trailer court. They had purchased a residential-sized lot, constructed a garage and a driveway, and installed water and septic systems. The grounds had been developed and landscaped for and were being used as the site of a residence. The question of whether the structure in which they were living was “ permanent ” begs the question since permanence is obviously a relative term.
The claimants may have intended to build a larger residence on the lot at some time in the future. Even conceding this to be the case, the court does not feel constrained to accept the State’s contention that the mobile home was “ mere personalty ”.
The lot, residence and patio, the garage, the driveway, the trees, lawn and other landscape constituted an integrated residential unit. The taking caused a radical change in the value of the lot as it had been laid out and developed for residential use. Three trees which unquestionably enhanced the value of the property were taken along with more than 50 feet of lawn area. Claimants were left with a shallow lot, a mobile home, the setting for which had been destroyed, and a garage, the value of which was substantially lessened by the change of grade and increased proximity to the highway as improved.
The highest and best use of the property at the time of the appropriation was for residential purposes, and the highest and best use of the property after the appropriation was the same.
The court finds that the fair and reasonable market value of the subject property before the taking was $9,500; that the fair and reasonable market value of the subject property after the taking was $5,500; and that the amount by which the claimants have been damaged is $4,000; of this amount $1,200 represents direct damage and $2,800 represents consequential damage to the remainder. The claimants are entitled to an award therefor together with appropriate interest.
*757 The claim was duly filed on October 9,1964, and it has not been assigned or submitted to any other court or tribunal for audit or determination.
The court has viewed the property.
Claimants are entitled to an award of $4,000 with interest from June 9,1964 to the date of entry of judgment.
The award to claimants herein is exclusive of the claims, if any, of persons other than owners of the appropriated property, their tenants, mortgagees and lienors having any right or interest in any stream, lake, drainage and irrigation ditch or channel, street, road, highway, or public or private right of way or the bed thereof within the limits of the appropriated property or contiguous thereto; and is exclusive also of claims, if any, for the value of or damage to easements and appurtenant facilities for the construction, operation and maintenance of publicly owned or public service electric, telephone, telegraph, pipe, water and sewer and railroad lines.
Either party hereto may file findings of fact and conclusions of law if filed within 20 days from the date hereof, otherwise they will be deemed waived.
Judgment may be entered on the foregoing memorandum-decision.